UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NANA YAW AMO,

        Petitioner,

v.                                                            Case No. 18-C-1992

Y. OCHOA,

        Respondent.

## SCREENING ORDER

Petitioner Nana Yaw Amo, who is a citizen of an unidentified foreign country and is currently detained at the Kenosha County Detention Center by Immigration and Customs Enforcement (ICE), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 18, 2018, challenging his continued detention during the course of his removal proceedings. Amo contends that his continued detention is a violation of due process and that he should be released on supervision to allow him to seek proper medical care for injuries he sustained while in custody.

## BACKGROUND

Amo's detention by Immigration & Customs Enforcement (ICE) began on August 19, 2017. Amo was detained for overstaying his F-1 student visa. He has been in the country for the past ten years. Amo had a bond hearing before an Immigration Judge in September of 2017 where he was refused bond because of his prior DUIs. Amo states he has been arrested four times in Illinois for driving under the influence. Two have been expunged, and the most recent one is pending. In November of 2017, Amo's wife, who is a U.S. citizen, filed an I-130 petition to establish her

relationship with Amo to help in his immigration proceedings and a hearing was held. The Immigration Judge granted a continuance to allow the United States Citizenship and Immigration Services (USCIS) time to review the I-130 petition.

After USCIS interviewed Amo's wife in March of 2018, it sent a letter of intent to deny the petition on the ground that it did not receive certain items of evidence. The case was reopened in September of 2018 after Amo submitted evidence that USCIS had in fact received the items it claimed not to have received. USCIS then reviewed the I-130 petition once more and again denied it.

At Amo's next hearing before the Immigration Judge, where he was represented by a new attorney, the Immigration Judge declined to grant a continuance of the case to allow Amo to file for other relief, such as cancellation of removal, and informed Amo that his rights to file for any other relief was already waived by his previous attorney. The Immigration Judge issued an order of removal on October 1, 2018, that Amo appealed. As of the date of this order, Amo's appeal is pending before the Board of Immigration Appeals.

Amo also alleges in his petition that while in custody at the Kenosha County Detention Center, he slipped and fell on a wet floor, injuring his fingers and shoulder. Amo claims that his complaints regarding his injuries have been ignored and that his injuries have worsened due to the deliberate indifference of ICE to his injuries and the lack of treatment while he has been in custody.

**ANALYSIS**

A federal court may grant habeas relief to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). In determining whether to grant such relief, the court may consider affidavits and documentary evidence such as

records from any underlying proceeding. §§ 2246–47. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under 8 U.S.C. § 1226, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Given the fact that Amo was given a bond hearing when he was initially detained, it appears that he is being detained pursuant to 8 U.S.C. § 1226(a). Under that portion of the statute, the Attorney General "may continue to detain the arrested alien" during the pendency of the determination of removability and may release the alien on bond or conditional parole. § 1226(a)(1)–(2). It has been the Supreme Court's longstanding view that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). "When the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 258.

Amo argues that his continued detention is a violation of due process. Specifically, Amo argues that there is no sufficiently strong special justification for ICE to impose indefinite civil detention on detainees. "Aliens are entitled to due process under the Fifth Amendment during the course of deportation proceedings." *Al-Siddiqi v. Nehls*, 521 F. Supp. 2d 870, 877 (E.D. Wis. 2007), *aff'd* 531 F.3d 490 (7th Cir. 2008).

Although Amo asserts that his detention is indefinite, detention pending a determination of removability has an obvious termination point and is not indefinite. *See Zadvydas v. Davis*, 533 U.S. 678, 697 (2001); *Demore*, 538 U.S. at 529 (comparing post-removal-period detention to detention pending a determination of removability). An alien will either be ordered removed or

released upon the completion of the removal proceedings.

Regarding the sufficiency of ICE's justification, the Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. In addition, according to his petition, Amo has been afforded the opportunity to challenge his custodial status at a bond hearing in September of 2017, at which bond was denied. The denial of Amo's release on bond "is closely tailored to achieve the government's legitimate concerns of preventing flight during removal proceedings and of ensuring removal if ordered." *Ali v. Achim*, 342 F. Supp. 2d 769, 774 (N.D. Ill. 2004); *see Kim*, 538 U.S. at 531. Because Amo "does not have a protected liberty interest to remain in this country that outweighs the Government's objective in detaining him to ensure removal," his detention is constitutional. *Ali*, 342 F. Supp. at 774. Although Amo's protracted detention continues, it is entirely due to his decision to appeal the Immigration Judge's decision ordering him removed to the BIA. Once his appeal is resolved, he will either be removed to his home country or released.

Amo also contends that his detention has exceeded the 90-day period that the government has to remove him after the order of removal was entered on October 1, 2018. It is only after a removal order becomes final, however, that the alien's removal period begin. The removal period starts on the latest of the following (1) the date when the order of removal issued by an Immigration Judge becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and denied or the time to file an appeal expired); or (2) if the removal order is judicially reviewed and the court orders a stay of the removal of the alien, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(i)–(iii). Once the removal

4

period starts does the government have ninety days to remove an alien. Even then, the government may further detain an alien under 8 U.S.C. § 1231(a)(6) for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Given that Amo's appeal is still pending before the BIA, his removal period has not yet commenced.

Lastly, Amo also asserts that ICE's deliberate indifference towards his medical condition exacerbated the initial injuries he suffered after slipping and falling. Claims of deliberate indifference to a medical condition, as opposed to challenges to the legality or duration of confinement, are properly brought under 42 U.S.C. § 1983, not 28 U.S.C. § 2241. *See Glaus v. Anderson*, 408 F.3d 382, 386–87 (7th Cir. 2005). That claim is therefore dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Amo's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** this  31st  day of January, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
